United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 14, 2007**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 05-61048
Summary Calendar

QIN WANG,

Petitioner,

versus

ALBERTO R. GONZALES,
U.S. Attorney General,

Respondent.

Petition for Review of an Order of the
Board of Immigration Appeals
(A97 351 577)

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Qin Wang, a native citizen of the People's Republic of China challenges a decision of the Board of Immigration Appeals (BIA), which reversed the decision of the immigration judge and denied her asylum and withholding of removal. The BIA determined Wang experienced neither past persecution nor a well-founded fear of future persecution based on China's coercive-population-control

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

policy. Wang claims these rulings are not supported by substantial evidence.

"The substantial evidence standard requires only that the Board's conclusion be based upon the evidence presented and be substantially reasonable." *Ontunez-Tursios v. Ashcroft*, 303 F.3d 341, 350 (5th Cir. 2002) (internal quotations and citations omitted). To obtain reversal of the BIA's determination, a petitioner must show that the evidence presented in the administrative context was "so compelling that no reasonable fact finder could fail to find the requisite fear of persecution". *INS v. Elias-Zacarias*, 502 U.S. 478, 483-84 (1992).

Concerning her past-persecution contention, Wang has *not* shown the evidence compels a conclusion contrary to the BIA's. *See id.* Wang was *not* forced to undergo an abortion or sterilization, and unfulfilled threats of sterilization do *not* constitute persecution warranting relief from removal. *Cf. Yang v. United States Att'y General*, 418 F.3d 1198, 1202-03 (11th Cir. 2005); *Ci Pan v. United States Att'y General*, 449 F.3d 408, 412-13 (2d Cir. 2006). The monetary fine for having her first child without permission does *not* rise to the level of persecution, *see Yang*, 418 F.3d at 1202-1203; nor does her five to six hour detention, *cf. Huang v. United States Att'y General*, 429 F.3d 1002, 1009-10 (11th Cir. 2005).

Concerning Wang's future-persecution claim, which is based on the birth of her second child in the United States, she also fails

2

to show the evidence compels a conclusion contrary to the BIA's. *See* **Elias-Zacarias**, 502 U.S. at 483-84.  In the light of, *inter alia*, United States Department of State reports on asylum and human rights in China, *no* evidence demonstrates any policy implementing population control for children born outside of China.  *Cf.* **Wang v. Bureau of Citizenship and Immigration Servs.**, 437 F.3d 276, 278 (2d Cir. 2006).  Further, these reports indicate family-planning policies in China rely on monetary penalties, rather than physical coercion, such as forced sterilization.

Wang does *not* contend she is entitled to withholding of removal.  Therefore, she has waived this claim.  *See* **Thuri v. Ashcroft**, 380 F.3d 788, 793 (5th Cir. 2004).

*PETITION DENIED*